UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-05373-MCS-ACCV** | Date | October 22, 2026 |
| Title | ***Raymond Pliego v. Charter Communications, LLC, et al.*** | | |

Present: The Honorable Mark C. Scarsi, United States District Judge

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER REMANDING CASE AND DENYING MOTION TO REMAND AS MOOT (ECF NO. 15) (JS-6)**

Plaintiff Raymond Pliego initiated this employment case against Defendants Charter Communications, LLC, and Kisha Wright in the San Bernardino County Superior Court. (Compl., ECF No. 1-2.) Charter removed the case to federal court, invoking diversity jurisdiction. (Notice of Removal, ECF No. 1.) The Court ordered Charter to show cause why the case should not be remanded for lack of subject-matter jurisdiction. (OSC, ECF No. 13.) The parties filed responses. (Def.'s Resp., ECF No. 14; Pl.'s Resp., ECF No. 16.) Plaintiff also filed a motion to remand. (Mot., ECF No. 15.)

Federal courts have an obligation to examine their own subject-matter jurisdiction. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal jurisdiction, and the removing party bears the burden

of proving that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Diversity of citizenship is lacking. Charter does not identify the citizenship of Wright. Plaintiff alleges, and Charter concedes, that she is a resident of California, suggesting she is a citizen of California, like Plaintiff. (Compl. ¶¶ 1, 3; Notice of Removal 3); *see Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ("Evidence of a person's place of residence . . . is prima facie proof of his domicile.").

Charter does not dispute that Wright is a California citizen in its response. Instead, it submits that Wright is fraudulently joined to this lawsuit. (Def.'s Resp. 3–9.)

In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). In evaluating a claim of fraudulent joinder, a court must remand "if there is a possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter*, 582 F.3d at 1046). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

Because remand is required if there is a possibility that a state court would find any claim viable against Wright, the Court focuses on Plaintiff's claim for harassment in violation of the California Fair Employment and Housing Act ("FEHA"), which Plaintiff brings against all Defendants. (Compl. ¶¶ 69–76.) As the Court noted in its prior order, FEHA expressly provides that an employee "is personally liable for any harassment" prohibited by the statute that the employee perpetrates. (OSC 2 (quoting Cal. Gov't Code § 12940(j)(3)).) The Court also observed that Charter's arguments went to the sufficiency of Plaintiff's allegations and that Charter had not shown that any deficiency in the harassment claim could not possibly be cured by amendment. (*Id.*)

Charter's response does not cure this problem. Relying on a declaration from its human resources vice president and an internal investigation summary, Charter contends that Plaintiff's only interaction with Wright was a single phone call on or about June 5, 2025, in which Wright merely introduced a human resources manager and asked whether it was a good time to talk, so Plaintiff could not possibly amend his complaint to state a harassment claim against her. (Def.'s Resp. 4–6; Martinez Decl. ¶¶ 5–8, ECF No. 14-1; Martinez Decl. Ex. A ("Inv. Summ."), ECF No. 14-2.) Charter's own evidence undermines this premise. Charter's declarant in support of removal attests that "Wright and HR personnel were present on the phone call to communicate the dismissal notice to Plaintiff on or about June 21, 2025." (Sutton Decl. ¶ 14, ECF No. 1-3.) The investigation summary Charter submits identifies Wright as its preparer and lists her among the decisionmakers on the recommendation to terminate Plaintiff's employment. (Inv. Summ. 2, 4.)[1] Additionally, the summary's account of the June 5 call, which Wright herself prepared, reflects that after Plaintiff invoked his leave of absence, he was asked whether he was refusing to cooperate and was told that leadership would complete the investigation without his statement. (*Id.* at 3.) This is consistent with Plaintiff's allegations that Wright and a human resources representative pressed him to participate in the investigation while he was on disability-related medical leave and treated his position as a refusal to participate, after which Defendants terminated his employment while he remained on leave. (Compl. ¶¶ 31–35, 38, 71–74.) At most, Charter's evidence creates factual disputes about the extent of Wright's involvement, which the Court cannot resolve against Plaintiff in the fraudulent joinder inquiry. *See Hunter*, 582 F.3d at 1044 (explaining that a summary inquiry into fraudulent joinder "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant" (internal quotation marks omitted)).

Charter's remaining arguments—that Wright's conduct was neither severe nor pervasive, that the call was a personnel management action, and that California law does not recognize harassment occurring while an employee is on leave—go to the merits of the claim. (Def.'s Resp. 5–8.) Even if these arguments might justify dismissal of the claim upon a demurrer or motion to dismiss, "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." *GranCare*, 889 F.3d at 550. California law provides that "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a

[1] Pinpoint citations of this document refer to its internal pagination.

hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b). Furthermore, the California Supreme Court has recognized that official employment actions may support a harassment claim where they communicate a hostile message. *See Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708–09 (2009). Charter cites no controlling authority establishing that a supervisor's conduct directed at an employee on medical leave can never support a FEHA harassment claim, and the nonbinding district court decisions it invokes do not show that a state court could not possibly find the claim viable here. "Perhaps Plaintiff could benefit from additional allegations [toward the harassment claim]. But even for weak claims, *GranCare* instructs district courts to consider the curative possibility of amendment. Plaintiff should be afforded the opportunity to do so in the forum best suited to pass on the claim." *Martin v. Walmart, Inc.*, No. 2:22-cv-09084-MCS-MAR, 2023 U.S. Dist. LEXIS 47001, at *6 (C.D. Cal. Mar. 20, 2023) (Scarsi, J.) (citation omitted). Charter fails to carry its heavy burden to show the harassment claim could not possibly be sustained against Wright. Because this precludes a fraudulent joinder finding, the Court need not address Charter's arguments concerning Plaintiff's other claims against Wright.

Because Charter fails to carry its burden even if the Court considers its evidence, the Court need not rule on Plaintiff's evidentiary objections thereto. (Objs., ECF No. 16-4.)

Charter fails to show Wright was fraudulently joined. Diversity of citizenship is apparently lacking, so remand is warranted. 28 U.S.C. § 1447(c). The Court remands the case to the San Bernardino County Superior Court, No. CIVSB2623223. The Court denies Plaintiff's motion to remand as moot and vacates the hearing on the motion. The Court directs the Clerk to effect the remand immediately and close the federal case.

**IT IS SO ORDERED.**